UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

AMBER JACKSON,
on behalf of herself and
all others similarly situated,

      Plaintiff,

      v.

FIS MANAGEMENT SERVICES, LLC

      Defendant

Case No. 22-cv-1218

**JOINT STIPULATION TO CERTIFY A CLASS ACTION PURSUANT TO FED R. CIV. P. 23, A COLLECTIVE ACTION PURSUANT TO SECTION 216(b) OF THE FLSA, AND TO CERTIFY CLASS COUNSEL AND THE NAMED PLAINTIFF AS REPRESENTATIVE FOR THE CLASS**

The Parties, by and through their counsel of record, submit this Joint Stipulation to Certify a Class Action pursuant to FED. R. CIV. P. ("Rule") 23 and a Collective Action pursuant to 29 U.S.C. § 216(b) for settlement purposes only. The Parties further stipulate to an Order designating the Named Plaintiff, Amber Jackson, as representative for the Rule 23 Class and 29 U.S.C. § 216(b) Collective ("Class Representative") and an Order designating Walcheske & Luzi, LLC as class counsel for the Rule 23 Class and 29 U.S.C. § 216(b) Collective ("Class Counsel"). This stipulation is only entered into, and the class and collective only certified, as a condition and for purposes of the settlement reached between the Parties. The Parties, through negotiation, reached a settlement in principle in this case on November 29, 2023 which was later finalized on January 19, 2024. In connection with this settlement, the Parties agreed to stipulate to certification of the proposed Rule 23 Class and 29 U.S.C. § 216(b) Collective, as defined below, for settlement purposes only.

## THE RULE 23 CLASS AND 29 U.S.C. § 216(b) COLLECTIVE

1. The Parties stipulate to certify a Class Action of the following class pursuant to Rule 23; that class is defined as:

> All current and former hourly-paid, non-exempt employees who worked for Defendant at any time between October 17, 2020, and July 1, 2023 who (i) were employed in a Customer Service, Fraud Associate, and/or similarly-titled position in Wisconsin, (ii) used Defendant's telephone system, which automatically synced with Defendant's electronic timekeeping system, to record hours worked and/or work performed each workday, and (iii) do not timely exclude themselves from this action ("Class Members").

2. The Parties further stipulate to certify a Collective Action of the following collective pursuant to 29 U.S.C. § 216(b); that class is defined as:

> All current and former hourly-paid, non-exempt employees who worked for Defendant at any time between October 17, 2019, and July 1, 2023 who (i) were employed in a Customer Service, Fraud Associate, and/or similarly-titled position in Wisconsin, (ii) used Defendant's telephone system, which automatically synced with Defendant's electronic timekeeping system, to record hours worked and/or work performed each workday, and (iii) have timely returned Consent Forms in this action ("Collective Members").

3. Plaintiff Amber Jackson is an appropriate Class Representative because she was employed by Defendant during the relevant statutory period in the State of Wisconsin and was subject to substantially similar wage and hour policies or practices as putative members of the Rule 23 Class and 29 U.S.C. § 216(b) Collective. Plaintiff has zealously prosecuted the interests of the Rule 23 Class and 29 U.S.C. § 216(b) Collective through qualified counsel, Walcheske & Luzi, LLC, and has adequately represented their interests.

4. Walcheske & Luzi, LLC are qualified, experienced, and generally able to conduct the litigation, and are appropriate Class Counsel.

5. Fairness and procedural considerations support proceeding as a Rule 23 Class and 29 U.S.C. § 216(b) Collective.

6. If the Parties' proposed settlement is not finally approved by the Court, or the settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement and Release, this Stipulation and the Court's Order as to this Stipulation shall be vacated without further Order of the Court and the Parties will request new deadlines within which to complete class and collective certification briefing.

Dated this 19th day of January, 2024

| | |
|---|---|
| WALCHESKE & LUZI, LLC<br>Counsel for Plaintiff | JACKSON LEWIS P.C.<br>Counsel for Defendant |
| *s/ David M. Potteiger*<br>James A. Walcheske, WI Bar No. 1065635<br>Scott S. Luzi, WI Bar No. 1067405<br>David M. Potteiger, WI Bar No. 1067009<br>WALCHESKE & LUZI, LLC<br>235 N. Executive Drive, Suite 240<br>Brookfield, Wisconsin 53005<br>Telephone: (262) 780-1953<br>E-Mail: jwalcheske@walcheskeluzi.com<br>E-Mail: sluzi@walcheskeluzi.com<br>E-Mail: dpotteiger@walcheskeluzi.com | *s/ Tony H. McGrath*<br>Tony H. McGrath, WI Bar No. 1042806<br><br>JACKSON LEWIS P.C.<br>22 East Mifflin Street, Suite 800<br>Madison, Wisconsin 53703<br>Telephone: (608) 807-5274<br>E-Mail: Tony.McGrath@JacksonLewis.com<br><br>JACKSON LEWIS P.C.<br>Counsel for Defendant<br><br>*s/ David A. Nenni*<br>David A. Nenni, OH Bar No. 0080826<br>Jamie M. Goetz-Anderson,<br>OH Bar No. 0083562<br>Jackson Lewis P.C.<br>201 East Fifth Street, 26th Floor<br>Cincinnati, Ohio 45202<br>Telephone: (513) 898-0050<br>E-Mail: david.nenni@jacksonlewis.com |