UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

AMBER JACKSON,
on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

FIS MANAGEMENT SERVICES, LLC

        Defendant

Case No. 22-cv-1218

### JOINT MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

Plaintiff, Amber Jackson, on behalf of herself and all others similarly-situated, and Defendant, FIS Management Services, LLC, jointly move this Court for preliminary approval of the settlement in this matter in accordance with the parties' executed settlement agreement, titled "Settlement Agreement & Release," attached hereto as Exhibit 1 (hereinafter simply "Settlement Agreement").

For settlement purposes only, the parties seek certification of a collective under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and certification of a class under Wisconsin's Wage Payment and Collection Laws, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* ("WWPCL") and FED. R. CIV. P. 23 ("Rule 23").

The Settlement Class is comprised of Settlement Class Members, that is, all FLSA Collective Members and Rule 23 Class Members. (Exhibit 1, ¶ 3.)

The putative FLSA Collective is comprised of Collective Members, defined as:

> All current and former hourly-paid, non-exempt employees who worked for Defendant at any time between October 17, 2019, and July 1, 2023 who (i) were employed in a Customer Service, Fraud Associate, and/or similarly-titled position in Wisconsin, (ii) used Defendant's telephone system, which automatically synced with Defendant's electronic timekeeping system, to record hours worked and/or work performed each workday, and (iii) have timely returned Consent Forms in this action.

(*Id.*)

Likewise, the putative Rule 23 Class is comprised of Class Members, defined as:

> All current and former hourly-paid, non-exempt employees who worked for Defendant at any time between October 17, 2020, and July 1, 2023 who (i) were employed in a Customer Service, Fraud Associate, and/or similarly-titled position in Wisconsin, (ii) used Defendant's telephone system, which automatically synced with Defendant's electronic timekeeping system, to record hours worked and/or work performed each workday, and (iii) do not timely exclude themselves from this action.

(*Id.*)

The parties believe that the Settlement Agreement is a fair, reasonable, and adequate resolution of a *bona fide* wage dispute because it fully satisfies this Court's criteria for collective and class action settlements. It is fair, reasonable, and adequate as to all putative Settlement Class Members, and upon approval, the Notice Packet and Consent to Join Forms attached as Exhibits 3 and 4 to the Settlement Agreement will be sent to members of the putative Settlement Class via first-class U.S. Mail.

As such, the parties respectfully request that this Court:

1. Preliminarily approve the Settlement Agreement as fair, reasonable, and adequate;

2. Certify, for settlement purposes only, this case as a collective action under 29 U.S.C. § 216(b) and a class action under FED. R. CIV. P. 23;

3. Appoint Amber Jackson as Class Representative;

4. Appoint Walcheske & Luzi as Class Counsel;

5. Approve the Notice Packet and Consent to Join Form in the form set forth in Exhibits 3 and 4 of the Settlement Agreement for distribution to all putative Settlement Class Members;

6. Find that the Notice Packet to be given constitutes the best notice practicable under the circumstances, including individual notices to all putative Settlement Class members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to putative Settlement Class Members, in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution;

7. Direct that each putative Settlement Class Member who wishes to be excluded from the WWPCL Class must exclude him or herself no later than thirty (30) calendar days after the mailing of the Notice Packet ("Notice Period"), per the instructions set forth in the Notice Packet and that such exclusion must be received by the dates set forth in the Court's Preliminary Approval Order;

8. Direct that any Settlement Class Member who wishes to participate in the FLSA Collective must submit a Consent to Join Form during the Notice Period.

9. Direct that any Settlement Class Member who timely submits a Consent to Join Form during the Notice Period and who becomes part of the FLSA Collective will be bound by this Agreement and shall release all FLSA claims in the event the Court issues a Final Order approving the Settlement;

10. Direct that any Settlement Class Member who remains part of the WWPCL Class by not excluding himself or herself during the Notice Period per the instructions set forth in the Notice Packet will be bound by this Agreement and shall release all WWPCL claims in the event the Court issues a Final Order approving the Settlement;

11. Schedule a Fairness Hearing approximately ninety (90) days after entry of a Preliminary Approval Order determine whether the Settlement Agreement should be finally approved as a fair, reasonable, and adequate resolution of a *bona fide* wage dispute, and whether the proposed Final Order Approving the Settlement should be entered;

12. Direct that Class Counsel shall file any remaining Motions – including a Motion for Attorneys' Fees and Costs, a Motion for Plaintiff's Service Payment, and a Motion for Final Settlement Approval – at least twenty-one (21) calendar days prior to the Fairness Hearing and that the Court shall determine at the Fairness Hearing the amount of attorneys' fees, costs and administration-related fees and costs that shall be awarded to Class Counsel; and

13. Direct that any member of the putative Settlement Class who wishes to object to the Motion for Attorneys' Fees and Costs, Motion for Plaintiff's Service Payment, and/or Motion for Final Settlement Approval – file the same no more than sixty

(60) calendar days after the mailing of the Notice Packet, in accordance with the instructions set forth in the Notice Packet.

Dated this 19th day of January, 2024

| WALCHESKE & LUZI, LLC<br>Counsel for Plaintiff | JACKSON LEWIS P.C.<br>Counsel for Defendant |
|---|---|

*s/ David M. Potteiger*

James A. Walcheske, WI Bar No. 1065635
Scott S. Luzi, WI Bar No. 1067405
David M. Potteiger, WI Bar No. 1067009
WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com

*s/ Tony H. McGrath*

Tony H. McGrath, WI Bar No. 1042806

JACKSON LEWIS P.C.
22 East Mifflin Street, Suite 800
Madison, Wisconsin 53703
Telephone: (608) 807-5274
E-Mail: Tony.McGrath@JacksonLewis.com

JACKSON LEWIS P.C.
Counsel for Defendant

*s/ David A. Nenni*

David A. Nenni, OH Bar No. 0080826
Jamie M. Goetz-Anderson,
OH Bar No. 0083562
Jackson Lewis P.C.
201 East Fifth Street, 26th Floor
Cincinnati, Ohio 45202
Telephone: (513) 898-0050
E-Mail: david.nenni@jacksonlewis.com